**FILED
CLERK**

12:47 pm, Oct 13, 2017

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MICHAEL SABLE, individually, and as manager and trustee of the Joint Venture and Partnership of MICHAEL SABLE, MD, MARC WERNER, MD, THIERRY HUFFNAGEL, MD, ROBERT ROTHMAN, MD, CRAIG MARCUS, MD, and EDWARD KIRSH, MD and as Manager of the Partnership of MICHAEL SABLE, MD, MARC WERNER, MD, THIERRY HUFFNAGEL, MD, ROBERT ROTHMAN, MD, CRAIG MARCUS, MD and EDWARD KIRSH, MD

**MEMORANDUM OF
DECISION & ORDER**
15-cv-4372 (ADS)(SIL)

       Plaintiffs,

   -against-

EDWARD KIRSH,

       Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**C. Cardillo, P.C.**
*Attorney for the Plaintiff*
9728 Third Avenue, Suite 308
Brooklyn, NY 11209
    By: Christopher Cardillo, Esq., Of Counsel

**Jonathan M. Proman, Esq.**
*Attorney for the Defendant*
30 Wall Street, Eighth Floor
New York, NY 10005
    By: Jonathan M. Proman, Esq., Of Counsel

**Shaw Fishman Glantz & Towbin LLC**
*Attorney for the Defendant*
321 N. Clark Street, Suite 800
Chicago, IL 60654
    By: Allen Guon, Esq., Of Counsel

**SPATT, District Judge**.

On July 27, 2015, Michael Sable, on behalf of himself, as manager and trustee of a purported joint venture and partnership and as manager of a partnership ("Sable" or the "Plaintiff"), filed a Complaint against the Defendant, Edward Kirsh ("Kirsh" or the "Defendant") alleging five causes of actions stemming from the purchase of a vacant lot in Montverde, Florida. The Court did not issue a summons, although the complaint was served on the Defendant.

On March 21, 2016, the Clerk of the Court issued a notice requesting the Plaintiff's counsel "to inform the Court within ten (10) days of this notice, why an order should not be entered dismissing this action for failure to prosecute pursuant to FED. R. CIV. P. (or "Rule") 41(b)." ECF No. 3. The Court received no response from either party by the requested date.

On April 1, 2016, the Court issued an order dismissing the case for failure to prosecute pursuant to FED. R. CIV. P. 41(b) and directed the Clerk of the Court to close the case. ECF No. 4.

On April 6, 2016, the Clerk of the Court entered a judgment, which stated "that Plaintiff Michael Sable take nothing of Defendant Edward Kirsh; that this action is dismissed pursuant to FED. R. CIV. P. 41(b) for failure to prosecute; and that this case is hereby closed." ECF No. 5.

According to Sable, he learned in May 2016 about the aforementioned actions by the Court. When Sable confronted his attorney at the time, Zachary Rosenberg, Esq., Mr. Rosenberg asserted that he did not receive any emails from the Court. In June 2016, Sable asked Mr. Rosenberg to file a motion to vacate the judgment. After numerous unsuccessful attempts to contact Mr. Rosenberg, Sable filed a grievance with the Supreme Court of the State of New York Appellate Division, Second Judicial Department.

On July 6, 2017, with new legal representation, the Plaintiff filed the instant motion to vacate the default judgment pursuant to Rule 60(b)(1) and 60(b)(2).

For the reasons set forth below, the motion by Sable is denied.

## I. DISCUSSION

### A. The Legal Standard

An action that is dismissed for lack of prosecution under FED. R. CIV. P. 41(b) may be reopened under the enumerated circumstances of Rule 60(b). *See Link v. Wabash*, 370 U.S. 626, 632, 82 S.Ct. 1386, 8.Led.2d 734 (1962). Rule 60(b), empowers a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

"A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order." FED. R. CIV. P. 60(c). As Rule 60(b) is considered "extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 385 Fed. Appx. 29, 31 (2d Cir. 2010) (internal citations omitted) ("Rule 60(b) motions are disfavored … [the rule] is properly invoked only when 'extraordinary circumstances' justify relief or 'when the judgment may work an extreme and undue hardship.'" (internal citations omitted)); *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (noting that the plaintiff "did not present the kind of 'extraordinary'

circumstance that mandates relief to avoid an 'extreme and undue hardship'" (internal citations omitted)).

The rule is intended to "strike a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer*, 793 F.2d at 61. "Relief provided under Rule 60(b) in general is equitable in nature and is to be guided by equitable principles." *Velez v. Vassallo*, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2857, at 255 (2d ed. 1995)). A motion to vacate a judgment under Rule 60(b) is at the sound discretion of the district court. *Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 385 (E.D.N.Y. 1998).

**B. One-Year Limitation**

As a preliminary matter, the Court must first address whether the Plaintiff filed the instant motion in a timely fashion. Upon review, the Court finds that the motion is untimely.

A Rule 60(b) motion filed under Rule 60(b)(1), 60(b)(2) or 60(b)(3) must be filed within one year of "the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). "The one-year limitation period for Rule 60(b) motions is 'absolute.'" *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. Of Contemporary Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006) (quoting *Warren v. Gabin*, 219 F.3d 111, 114 (2d Cir. 2000)).

In the instant case, the Clerk of the Court entered the judgment on April 6, 2016 and the Plaintiff did not file the pending motion until July 6, 2017, ninety-one days after the one-year period ended. The Plaintiff contends that the period should be tolled while he continued to retain Mr. Rosenberg, his former attorney, because Mr. Rosenberg advised Sable that "he would be making a motion to vacate the default, and provide an affidavit outlining his failure to properly handle the matter, as well as an affidavit regarding his allegations that he never received any

4

emails from the court." Reply Memorandum of Law in Further Support of Motion to Vacate at 3. According to Sable, he was first informed of the judgment in May 2016. While the Plaintiff does not inform the Court when he terminated Mr. Rosenberg, the last email correspondence he provides in his briefing materials is dated October 8, 2016.

"Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (citing *Bowers v. Transportacion Maritima Mexicana, S.A.*, 901 F.2d 258, 264 (2d Cir. 1990)). It is "only [granted] sparingly in suits against private litigants" *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). "[L]ack of due diligence on the part of plaintiff's attorney is insufficient to justify application of an equitable toll." *South v. Saab Cars USA*, 28 F.3d 9, 12 (2d Cir. 1994) (internal citations omitted). Here, the Plaintiff's justification for equitable tolling is his former attorney's lack of diligence in filing a motion. Therefore, the Rule 60(b)(1) and 60(b)(2) request is untimely. Although this finding constitutes an independent basis to deny the Plaintiff's relief, the Court will nevertheless address the merits.

## C. Excusable Neglect

The Plaintiff requests an order vacating the prior judgment pursuant to FED. R. CIV. P. 60 (b)(1) based on "excusable neglect." Sable claims that his former attorney failed to cause the Court to issue a summons; failed to respond to this Court's orders; and failed to communicate with Sable on this matter. The Defendant contends that the negligence of the Plaintiff's former attorney is not "excusable neglect" in the Second Circuit. The Court finds that the motion lacks a sufficient basis for Rule 60(b)(1) relief.

5

Sable's theory that the Court should vacate its prior judgment pursuant to Rule 60(b)(1) based on his former attorney's errors is based "on the theory that such error constitutes mistake, inadvertence or excusable neglect." *Nemaizer*, 793 F.2d at 62. "The determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. Those circumstances include prejudice to the adversary, the length of the delay, the reason for the error, the impact on the judicial proceedings, whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Fetik v. New York Law Sch.*, No. 99-cv-7746, 1999 WL 459805, at *4 (S.D.N.Y. June 29, 1999) (internal citations and quotations omitted); *accord United States v. Hopper*, 43 F.3d 26, 28 (2d Cir. 1994).

However, the negligence of a party's attorney is insufficient grounds for relief under Rule 60(b)(1). *See Nemaizer*, 793 F.2d at 62; *see also U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) (noting that "parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders" (internal citations omitted)). "[A]n attorney's actions, whether arising from neglect, carelessness or inexperience, are attributable to the client, who has a duty to protect his own interests by taking such legal steps as are necessary. To rule otherwise would empty the finality of judgments rule of meaning." *Nemaizer*, 793 F.2d at 62-63 (citing *Ackerman v. United States*, 340 U.S. 193, 197-98, 71 S.Ct. 209, 95 L.Ed. 207 (1950)); *see also Carcello v. TJX Companies, Inc.*, 192 F.R.D. 61, 65 (D. Conn. 2000) ("[A] client makes a significant decision when he selects counsel to represent him. Once this selection has been made, the client cannot thereafter avoid the consequences of that counsel's negligence. Rather, his recourse is limited to starting anew, assuming the statutes of limitations and other applicable laws permit, or pursuing a negligence action against counsel." (internal citations and quotations omitted)); *Klein v. Williams*, 144 F.R.D. 16, 18 (E.D.N.Y. 1992) (noting that "[a] client is not

generally excused from the consequences of his attorney's negligence, absent a truly extraordinary situation" (internal citations and quotations omitted)).

Moreover, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect.'" *Pioneer Inv. Servs., Inc. v. Brunswich Assocs. Ltd. P'ship*, 507 U.S. 380, 391-92, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). "[T]his is because a person who selects counsel cannot thereafter avoid the consequences of th[at] agent's acts or omissions." *Nemaizer*, 793 F.2d at 62 (citing *Link v. Wabash*, 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8.Led.2d 734 (1962)).

In the case at issue, it was Mr. Rosenberg's "ultimate responsibility to prosecute his client's claim, keep track of deadlines and respond to motions filed on the docket." *Lapico v. Portfolio Recovery Assocs., LLC*, No. 06-cv-1733, 2008 WL 1702187, at *3 (D. Conn. Apr. 11, 2008) (internal citations omitted). His alleged inability to properly file a complaint, respond to the orders of this Court and communicate with his client is a failure to observe the clear, unequivocal rules that govern an attorney's conduct and this Court. *See e.g.*, NEW YORK RULES OF PROFESSIONAL CONDUCT, Rules 1.3, 1.4; FED. R. CIV. P. 4. Furthermore, the Plaintiff has failed to cite a single case with similar circumstances, where a court in this circuit has found that similar conduct constitutes excusable neglect. Where, as here, a party's attorney fails to adhere to an unambiguous rule, Second Circuit jurisprudence precludes recovery. *See e.g.*, *Klein*, 144 F.R.D. at 18; *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250–51 (2d Cir. 1997). For this reason, the undersigned concludes that the Plaintiff's claim lacks merit sufficient to justify granting a Rule 60(b)(1) motion.

**D. Newly Discovered Evidence**

The Plaintiff also requests an order vacating the prior judgment pursuant to FED. R. CIV. P. 60 (b)(2) based on "newly discovered evidence." However, as the Defendant correctly notes, the Plaintiff fails to address the argument in his briefing materials. Regardless, the Court will address its merits.

Rule 60(b)(2) allows the Court to vacate a judgment if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered" within twenty-eight days after the Court's entry of judgment. FED. R. CIV. P. 60(b)(2). Such a motion is "properly granted only upon a showing of exceptional circumstances" and rests within the Court's sound discretion. *United States v. Int'l Bhd. Of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). In order to succeed, the Plaintiff must demonstrate that:

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*Id.* at 392.

The Plaintiff fails to demonstrate any of the required elements set forth above. As such, the Court declines to vacate the judgment pursuant to Rule 60(b)(2).

## II. CONCLUSION

For the foregoing reasons, the Plaintiff's motion to vacate the default judgment is denied.

It is **SO ORDERED**:

Dated: Central Islip, New York

October 13, 2017

                                                         */s/ Arthur D. Spatt*

                                                   ARTHUR D. SPATT

                                                 United States District Judge